UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In Re:                                              )
Jodi K. Dehlin                                      )    Case No.
Todd A. Dehlin                                      )
<u>Debtor(s)</u>                                    )

## CHAPTER 13 PLAN AND RELATED MOTIONS

*This plan is proposed by the debtor. It contains provisions that may significantly affect your rights. It contains matters, which if not objected to, may be accepted by the court as true. Creditors cannot vote on this plan. A creditor who wishes to oppose the plan and related motions may do so by timely filing a written objection. Any objection must be in writing, and must be filed with the court and served upon the debtor, debtor's attorney and the chapter 13 trustee as follows (check one):*

- ✗ The Chapter 13 Plan was filed with the petition. Any objection must be filed and served by the time set for the § 341 (a) meeting, within five (5) days thereafter, or as otherwise allowed by law. Absent any such objection, the court may confirm this plan, accept the valuations and allegations herein, and grant the motions without further notice or hearing.

- ☐ The Chapter 13 plan was not filed with the petition. Any objection must be filed and served no later than five (5) days prior to the time set for the confirmation hearing, or otherwise allowed by law.

- ☐ This is an amended plan subject to notice, hearing, and objections under Local Bankruptcy Rule 2002.5(c).

*If a creditor files a timely written objection, that creditor must also appear at the hearing on confirmation of the plan to assert the objection or the objection may be denied without further notice or hearing. The provisions of the confirmed plan will bind the debtor and each creditor.*

**NOTICE: The undersigned certifies that regardless of any variant formatting: (Check One)**

- ✗ This Chapter 13 Plan and Related Motions contain all the standard language as approved by the U.S. Bankruptcy Court, District of Idaho. Except fill-in-the-blank sections, designated check boxes, or claim treatment within any table, there are no modifications to the court-approved language.

- ☐ This Chapter 13 Plan and Related Motions contains language that is different from the standard plan as approved by the U.S Bankruptcy Court, District of Idaho. An asterisk immediately preceding the section number designates a modified plan section. No asterisk is provided for any fill-in –the blank sections, designated check boxes, or claim treatment within any table.

Chapter 13 Plan Reform 12/01/2009 - 1

**DISCHARGE: (Check One)**

__    The debtor is not eligible for a discharge of debts because the debtor has previously Received a discharge described in 11 U.S.C Section 1328(f).

X    The debtor will seek a discharge of debts pursuant to 11 U.S.C. Section 1328(a).

1. **PAYMENTS TO TRUSTEE.**  Such portion of the projected future earnings and income of the debtor as is necessary for the execution of the plan is submitted to the supervision and control of the Chapter 13 trustee for the duration of this plan, to wit:

    1.1    **PERIODIC PAYMENTS.**  Except as provided under Sections 4.1, 6.1, 6.3, 6.4, and 8, debtor will pay to the trustee for a term, not exceeding 36 months the sum of $320.00 monthly.  The debtor shall commence making payments proposed by the plan to the trustee no later than thirty (30) days after the date the bankruptcy petition is filed.

    1.2    **INCOME TAX REFUNDS. (Check One)**

☐    Debtor projects no income tax refunds during the term of this plan.  As a result, no income tax refunds will be turned over to the trustee: OR

✗    Debtor projects income tax refunds during the term of this plan. During the applicable commitment period of the plan as defined in 11 U.S.C. §1325(b)(4), the debtor will turn over to the trustee all net income tax refunds. At any time during the term of the plan, debtor shall be entitled to use a tax refund to pay taxes due any other taxing authority; however, the debtor shall remit any net tax refund balance to the trustee. Upon the trustee's recommendation or upon notice and hearing, the court may enter an order authorizing the debtor to retain, in whole or in part, income tax refunds owing during the term of the plan to facilitate the terms of this plan or meet the other reasonable or necessary needs of the debtor.

    1.3    **EARLY PAYOFF**.  Debtor may not pay this plan in less than the applicable commitment period without notice to interested parties and an opportunity for hearing before the court.

    1.4    **WAGE DEDUCTION ORDER.**  Debtor acknowledges that if the debtor is ever more than thirty (30) days delinquent on any payment due under Section 1.1 of this plan, upon request of the trustee a wage deduction order to debtor's employer may immediately be issued.

    1.5    **DEFERRAL OF PAYMENT FOR CAUSE.**  The trustee, for cause, may defer not more than two monthly payments per calendar year without further notice to parties or hearing before the court.

2. **POST-CONFIRMATIN RECOVERY OF PROPERTY.**  Debtor elects as follows: (check one)

> ✘ The trustee shall retain the right, post confirmation to recover monies, to recover property and to avoid liens pursuant to 11 U.S.C. § 541 et seq. Any such recovery or avoidance shall, when liquidated, be disbursed to creditors as additional disposable income, in accordance with 11 U.S.C. § 1325 (b); OR

> ☐ The debtor has calculated the right to recover monies, to recover property and to avoid liens pursuant to 11 U.S.C. §541, et seq in the plan payment. As a result, the trustee shall not retain such further rights post confirmation.

3. **PROVISION FOR ADMINDTRATIVE AND PRIORITY CLAIMS:** From the payments received, the trustee shall make disbursements of allowed claims entitled to administrative and priority status under 11 U.S.C. section 503 and 507 respectively, in deferred cash payments as follows: Payments of certain assigned Domestic Support Order claims (11 U.S.C. sec 507 (a) (1) (B)) may be less than 100% as provided by 11 U.S.C. sec. 1322 (a) (4).

   3.1 **Domestic Support Obligations (check all applicable boxes)**

   ☐ 3.1.1 No Domestic Support Obligations are owed.

   ☐ 3.1.2 The debtor(s) is current on domestic support obligation(s) and will continue to make post-petition payments pursuant to the support order.

   X 3.1.3 Allowed unsecured claims for Domestic Support Obligations allowed under 11 U.S.C Sec 507(a)(1)(A) in equal monthly installments over the term of the plan.

   3.1.4 Allowed unsecured claims for Domestic Support Obligations allowed under 11 U.S.C. sec 507(a)(1)(B) in equal monthly installments over the term of the plan. Total of the payment if less than 100%: $_____.

.
   3.2 **Trusee**. Fees to the trustee as provided by 28 U.S.C §586.

   3.3 **Attorney.** (check one)

   X Debtor's attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016.1, of $2,500.00(not to exceed $2,500), exclusive of cost. Said attorney has $775.00 prior to filing hereof and is to be paid the remaining amount in the monthly payment over the initial 24 months of distribution.

   ___ Fee's and costs to the debtor's attorney in an amount to be proven and allowed by the courts but not to exceed $____, payable in equal monthly installments over the initial ___ months of distribution. This in addition to the fee retainer paid pre-petition ($____) and any sums allowed in any previous order(s).

   3.4 **Taxes.** Unless the holder of the claim agrees otherwise, upon confirmation of the plan and the filing of an allowed claim, any allowed unsecured priority claims of governmental units shall be paid: **(Check One)**

  ☐  During the initial _____ months of the plan;  OR

  ✗  In equal monthly installments over the term of the plan.

**4 PROVISIONS FOR CREDITORS HOLDING SECURED CERTAIN PURCHASE MONEY SECURED CLAIMS.**

The claim of each of the following secured creditors who have a purchase money interest securing a debt either 1) in a motor vehicle acquired for the debtors personal use within 910 days prior to the filing of the bankruptcy petition; or 2) in any other thing of value that was incurred during one year prior to the date the bankruptcy petition was filed shall be paid as follows:

 *4.1* *Certain Purchase Money Secured Claims Not in Default*  To those creditors who have Certain PMSI Claims whose rights are not being modified, the allowed secured claim of each shall be paid directly by debtor according to the terms of the outstanding agreements with each creditor as follows:

| CREDITOR | DESCRIPTION OF COLLATERAL | DATE OF CONTRACT | AMOUNT OF CLAIM | MONTHLY PAYMENT |
|---|---|---|---|---|
| Wells Fargo Auto Finance | 2008 Pontiac G 6 (8,000 Miles) | 2010 | $18,708.22 | *$409.02* |

 **4.2.1** **Modification of Rights ( Other than Value) of Holders of Certain Purchase Money Claims.**  To each of the following named creditors holding certain PMSI Claims, the allowed secured claim to each shall be paid as follows:

 The allowed secured claim shall be amortized at the rate of intrest ( simple interest, direct reducing) in equal monthly installments over the term of the plan.

 Secured creditors rights and claims will be modified in accordance with the terms provided herein and payments will be made to the creditor be the trustee.

 The debtor hereby MOVES the court for and order fixing the treatment and/or the amount of the secured claim as follows:

| CREDITOR | COLLATERAL DECRIPTION | CONTRACT DATE | AMOUNT OF CLAIM | MODIFIED PROVISION(S) OF THE CONTRACT | PROJECTED MONTHLY PAYMENT | PROJECTED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

If a secured creditor objects to this provision, debtor will ask the court, at the hearing on confirmation, to confirm the plan over the creditors o objections.

**4.3 Surrender of Collateral Subject to Certain Purchase Money Secured Claims.** The debtor shall surrender debtors interest in the collateral securing the PSMI claim of the following creditors. Unless the automatic stay has already been terminated by the court order or applicable law, upon the entry of the order confirming this plan, the automatic stay imposed by 11U.S.C. sec 362(a) as against the creditor and collateral set forth below, shall be terminated pursuant to 11 U.S.C sec 362(d).

| CREDITOR | COLLATERAL TO BE SURRENDERED |
|---|---|
| None | |
| | |

5. **MODIFICATION OF RIGHTS OF HOLDERS OF OTHER SECURED CLAIMS.**
   (INCLUDING PREPETITION SECURED TAX CLAIMS)

To each of the following named creditors, the full value of the allowed secured claim held shall be paid by the trustee.

5.1 **Modification of Rights** Each creditor holding an allowed secured claim shall retain its lien on the collateral securing that claim until the earlier of 1) payment of the underlying debt determined under nonbankruptcy law; or 2) discharged under 11U.S.C. sec. 1328. If the case is dismissed or converted without completion of the plan, such lien shall be retained by secured creditor to extent recognized by applicable non bankruptcy law.

The allowed secured claim shall be amortized at the rated of interest (simple interest, direst reducing), in equal monthly installment over the term of the plan.

Any portion of the debt owed to a creditor in excess of the allowed secured claim will be treated in this plan as an unsecured claim. Subject to the terms of the order of confirmation of the plan, unless otherwise order by the court, payment shall commence from the trustee upon filing of an allowable claim.

The projected total payment constitute the debtors best estimate of the total of all payments made to the secured creditor on the secured portion of such creditors claims. At the discretion of the trustee, allowed secured claims of $500 or less may have payment accelerated.

Secured creditors rights and claims will be modified in accordance with the terms provided for herein by debtor. Except as provided by 11 U.S.C. sec. 1325(a)(5)(B)(i)(II), an order setting the secured portion of a claim, at less than the total amount of the entire claim, voids the creditors liens to the extent of the unsecured portion of the claim.

The debtor hereby MOVES the court for an order so fixing the amount of the allowed secured claims as follows:

Chapter 13 Plan Reform 12/01/2009 - 5

| CREDITOR | COLLATERAL DESCIRPTION | ALLOWED SECURED CLAIM | RATE OF INTEREST | PROJECTED MONTHLY PAYMENT | PROJECTED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

If a secured creditor objects to this provision, debtor will ask the court, at the hearing on confirmation, to confirm the plan over the creditors objection, pursuant to 11 U.S.C sec. 13259(a)(5)(B).

5.2 **Curing of Default of Long Term Secured Claims.** To each of the below named creditors, the debtor does not propose to pay, in full their allowed secured claim during the term of this plan. Each creditor shall retain its lien on the collateral securing the claim until the allowed secured claim is paid in full.

The debtor will continue the regular monthly contract payment directly to the creditor pursuant to the contract terms. Each post-petition payment shall be paid by the debtor as it comes due. The initial post-petition payment shall commence on the first full month following the filing of this bankruptcy by debtor.

The default payments under this plan, shall be applied by the creditor to the earliest payment for which a portion of the payment is due. Default payments shall commence upon filing of an allowable claim and subject to the terms of the order of confirmation of the plan. Unless otherwise provided, the frequency of payment shall in equal monthly amounts, during the term of the plan. The total in default provided hereinafter represents the debtor's assertion of the amount of the default as of the day the bankruptcy was filed. In the event that the creditor's allowed claim provides otherwise, the allowed claim shall control. Each creditor shall further be entitled to receive interest on their claim as allowed by law. Such interest rate shall be the non-default contract rate of interest provided in the contract between each creditor and the debtor.

| CREDITOR | COLLATERAL DESCRIPTION | PROJECTED DEFAULT | RATE OF INTEREST |
|---|---|---|---|
| America's Servicing Co | 4706 N Waterfront Way Boise ID 83703 | $4,437.45 | 0.0% |
| Ocwen Loan Servicing LLC | 4706 N Waterfront Way Boise ID 83703 | $1,541.67 | 0.0% |

6. **DISBURSEMENTS DIRECTLY BY DEBTOR**

Debtor shall make the following disbursements directly to creditors and shall treat the following claims and obligations as indicated:

6.1 **Secured Claims Not In Default.** To secured creditors, whose rights are not being modified, that are not those Certain Purchase Money Secured Creditors set forth in Section 4 above, the secured claim of each shall be paid directly by the debtor according to the terms of the outstanding agreements with each creditor. The debtor will pay these creditors directly as follows:

| CREDITOR | COLLATERAL | ESTIMATED | AMOUNT OF |
|---|---|---|---|

| | DESCRIPTION | BALANCE OWING | PAYMENT MADE DIRECTLY BY DEBTOR |
|---|---|---|---|
| America's Servicing Co | 4706 N Waterfront Way Boise ID 83703 | $206,841.69 | $1,479.15 |
| Ocwen Loan Servicing LLC | 4706 N Waterfront Way Boise ID 83703 | $57,354.07 | $513.89 |

    6.2 **Surrender of Collateral by Debtor.**  The debtor shall surrender debtor's interest in the collateral securing the claims if the following creditor.  Unless the automatic stay has already been terminated by court order applicable law, upon entry of order confirming this plan, the automatic stay imposed by 11 U.S.C. sec. 362(a) as against the creditors and collateral set forth below, shall be terminated pursuant to 11 U.S.C. sec. 362 (d).

| CREDITOR | COLLATERAL TO BE SURRENDERED |
|---|---|
| | |

    6.3 **Payments to Lessors of Persona Property.**  No Later than thirty (30) days after the bankruptcy petition is filed, the debtor shall commence making payment scheduled in a lease of personal property directly to the lessor for that portion of the obligation that comes due after filing of the bankruptcy petition.  The debtor shall provide the trustee evidence of such payment, including the amount and date of payment.

| LESSOR | PERSONAL PROPERTY DESCRIPTION | LEASE PAYMENT |
|---|---|---|
| None | | |
| | | |

    6.4 **Pre-Confirmation Payment to Purchase Money Secured Creditors of Personal Property.**  No later than thirty (30) days after the date the bankruptcy petition is filed, the debtor shall commence making payment on allowed claims of purchase money secured creditor of personal property in am amount sufficient to provide adequate protection, directly to the creditor until confirmation.  The payments made under this subsection shall reduce the amount owed under the plan.  The debtor shall provide the trustee evidence of such payment, including the amount and date of payment.

| CREDITOR | COLLATERAL DESCRIPTION | ADEQUATE PROTECTION PAYMENT |
|---|---|---|
| None | | |
| | | |

    6.5 **Post Petition Tax Obligations** (check all that apply)

[X]   Real property taxes are being paid through escrow by debtor's mortgage holder.
[ ]   Real property taxes are being paid by the debtor.
[ ]   Personal property taxes are being paid by debtor.

    6.6    **Post Petition Domestic Support Obligations.**  Debtors will continue to make Domestic Support Obligation payments pursuant to the support order as indicated in Section 3.1.2 of the Plan.

Chapter 13 Plan Reform 12/01/2009 - 7

7 **PROVISIONS FOR UNSECURED CLAIMS.**

    **7.1** **Classification of Unsecured Claims.** Unless otherwise provided, the following unsecured claims will receive the indicated dollar amounts, in equal monthly installments during the term hereof, on their allowed claim. Payments shall commence upon confirmation of this plan and filing of an allowed claim.

| CREDITOR | AMOUNT TO BE PAID |
|---|---|
| CLASS "A" Co-signed obligations owing to: | To be paid in full. (debtor estimates this claim to be $____.) |
| CLASS "B" Student loans owing to: | none |

    **7.2 General Unsecured Claims.** Upon confirmation, and at times consistent with the other provision of this plan, the trustee will, from funds available after payment of priority and secured claims, pay pro-rata dividends to all creditors who have filed timely allowed unsecured claims.

8. **ASSUMPTION OR REJECTION OF UNEXPIRED LEASES AN/OR EXECUTORY CONTRACTS.**

The debtor hereby MOVES for the approval of the assumption or rejection (as applicable) of the following unexpired leases and/or executory contract in accordance with 11 U.S.C. sec.365. For those lease(s) and/or contract(s) assumed below, the debtor asserts the total in default us as indicated and that the default shall be cured as set forth below, pursuant to 11 U.S.C. sec. 365(b).

Payments on any assumed lease(s) and/or contract(s) due after the filing of the bankruptcy petition shall be made directly by the debtor as set forth below, and not through the trustee. Payments curing defaults on any such assumed lease(s) and/or contract(s) shall be paid through the trustee. In regard to any lease(s) and/or contact(s) rejected by the debtor, unless the automatic stay has already been terminated by court order or applicable law, upon the entry of the order confirming this plan, the automatic stay shall be terminated as against the lease(s) and/or contract(s) rejected and the creditor and property involved.

| CREDITOR | COLLATERAL DESCRIPTION | REJECT OR ASSUME | TOTAL IN DEFAUL | DEFAULT PAYMENT PAID BY TRUSTEE | PAYMENT MADE DIRECTLY BY DEBTOR |
|---|---|---|---|---|---|
| None | | | | | |
| | | | | | |

9. **LIEN AVOIDANCE**

    X    No motion to avoid judicial liens under 11 U.S.C. sec. 522(f)(1)(A), or to avoid non-possessory, non-purchase money security interests under 11 U.S.C sec. 522(f)(1)(B), is proposed in this plan. Any such motion(s) will be filed separately.

Chapter 13 Plan Reform 12/01/2009 - 8

____   A motion to avoid judicial liens under 11 U.S.C sec 522(f)(1)(A), or to avoid non-possessory, non-purchase money security interests under 11 U.S.C sec 522(f)(1)(B), is made herein and allegation and details as required by the Code and Rules as asserted below

10. **VESTING OF PROPERTY OF THE ESTATE.**   Subject only to the liens provided for in this plan and upon confirmation of this plan, all property of the estate:  **(Check One)**

✗   Shall vest in the debtor ;  OR
☐   Shall not vest in the debtor.


DATED  October 5, 2010

Approved as to Form and Content:

   /s/  Jodi K. Dehlin
_____
Debtor, Jodi K. Dehlin

   /s/ Todd A. Dehlin
_____
Debtor, Todd A. Dehlin


____/s/ Jake W. Peterson_____
Jake W. Peterson Attorney for the Debtor(s)